# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, TOZZI, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant CLAYTON C. KELLEY**
**United States Army, Appellant**

ARMY 20120837

Headquarters, I Corps
David L. Conn and Stefan Wolfe, Military Judges
Lieutenant Colonel John T. Rothwell, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Major Vincent T. Shuler, JA; Captain Brian D. Andes, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Major Daniel D. Derner, JA; Captain Daniel H. Karna, JA (on brief).

19 June 2015

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curiam:

A panel composed of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of maltreatment (two specifications), making a false official statement, indecent exposure (two specifications), indecent language (five specifications) and disorders and neglects (four specifications), in violation of Articles 93, 107, 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 893, 907, 920 and 934 (2006; 2012) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge and four years of confinement.

This case is before us for review pursuant to Article 66, UCMJ. Appellant has assigned several errors, one of which merits discussion and relief.[*]

Specification 9 of Charge IV alleged appellant violated Article 134, UCMJ by: "show[ing] to Mrs. A.W. photographs of himself naked and *videos of couples* engaged in sexual intercourse . . . ." (emphasis added). The only evidence introduced at trial to support this charge was Mrs. A.W.'s testimony. Mrs. A.W. testified that in addition to appellant showing her a naked photograph of himself, he showed her a single picture of a naked couple engaged in sexual intercourse. Although Mrs. A.W. also testified that appellant showed her a third photograph featuring a naked girl, Mrs. A.W. failed to state that appellant had shown her any *videos* or any additional photographs involving *couples*. Appellant now alleges the portion of this specification pertaining to "videos of couples" is legally and factually insufficient. The government concedes this point and we accept its concession.

In accordance with Article 66(c), UCMJ, we review issues of legal and factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for legal sufficiency is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324 (C.M.A. 1987); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Humphreys*, 57 M.J. 83, 94 (C.A.A.F. 2002). In resolving questions of legal sufficiency, we are "bound to draw every reasonable inference from the evidence of record in favor of the prosecution." (*United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we] are [ourselves] convinced of the accused's guilt beyond a reasonable doubt." *Turner*, 25 M.J. at 325.

Having completed our review and in considerations of the entire record, we AFFIRM only so much of Specification 9, Charge IV as finds:

> [Appellant], did, at or near Joint Base Lewis-McChord,
> Washington, between on or about 1 July 2011 and on or
> about 30 November 2011, show to Mrs. A.W. photographs
> of himself naked and of a couple engaged in sexual
> intercourse, which conduct was prejudicial to good order
> and discipline and of a nature to bring discredit upon the
> armed forces.

---

[*] We have also reviewed those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and they are without merit.

KELLEY—ARMY 20120837

The remaining findings of guilty are AFFIRMED.  We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).  We are confident that based on the entire record and appellant's course of conduct, the panel would have imposed a sentence of at least that which was adjudged, and accordingly we AFFIRM the sentence.

We find this reassessed sentence is not only purged of any error but is also appropriate.  All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3